No. 24-50984

# In the United States Court of Appeals for the Fifth Circuit

Spirit Aerosystems, Incorporated,
*Plaintiff-Appellee,*

*v.*

W. Kenneth Paxton, in his official capacity as Attorney General of Texas; Jane Nelson, in her official capacity as Secretary of State of Texas,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

## APPELLANTS' RESPONSE TO APPELLEE'S MOTION FOR EXTENSION OF TIME

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Ryan S. Baasch
Associate Deputy Attorney General

Benjamin Wallace Mendelson
Assistant Solicitor General
Ben.Mendelson@oag.texas.gov

Counsel for Defendants-Appellants

### APPELLANTS' RESPONSE TO APPELLEE'S MOTION FOR EXTENSION OF TIME

Appellee Spirit's counsel has not accurately represented the State's position on its motion. The State does not wish to burden an attorney affected by the Los Angeles fires. Instead, and as the attached email correspondence shows, the State sought to jointly seek clarification from this Court on the current briefing schedule before burdening this Court with motions practice. Spirit, for unclear reasons, refused that cooperative course.

To recap: Shortly after this appeal was filed, the State moved to expedite briefing and argument. ECF 12. That motion proposed *agreed dates* specifying Appellants' brief be due December 27, Appellee's brief January 17, and the reply January 24. *Id.* at 4-5. The Court granted that motion on December 30, presumably making Spirit's brief due January 17. ECF 33.

Spirit appears to be confused because, on December 27 (prior to the order being entered), the State filed its opening brief. ECF 29. And, the Court's clerk amended that docket entry to add boilerplate language announcing that the Appellee's brief would be due 30 days hence (on January 27, 2025) as per the default rules, ECF 29: Fed. R. App. P. 31(a)(1). The Court also calendared the case for oral argument on March 31. ECF 39.

On January 10, counsel for Spirit contacted the State's counsel seeking an extension of time on its brief to February 3 due to an associate attorney being affected by the Los Angeles fires. The resulting email exchange showed that Spirit believed its brief to be due on January 27, whereas the State believed that the parties' mutually

agreed January 17 date from the motion to expedite governed. That date seems particularly likely to govern because the Court set oral argument for March 31, and the parties' expedited briefing schedule afforded the Court ample time to process the case before argument. Moreover, the Court's procedures explain that "if an appeal is expedited, the clerk will fix a briefing schedule unless a judge directs a specific date." Fifth Cir. IOP 27.5. Such a briefing schedule does not usually take the form of an amended docket entry on a previously-filed brief, but rather, a new briefing notice. *See, e.g. United States v. Abbott*, No. 23-50632, ECF 36 (ordering expedition without specific briefing dates); ECF 46 (letter from clerk fixing an expedited briefing schedule).

For these reasons, the State believed that the amended docket entry announcing that the Appellees' brief was due January 27 might have been a clerical mistake that had not accounted for the Court's order. Accordingly, when Spirit's counsel contacted the State seeking an extension, the State suggested that the parties jointly contact the clerk's office to clarify the Court's expectations. The State suggested doing so because it wanted to simultaneously (1) accommodate the attorney affected by the LA fires, (2) ensure that the State could receive an extension on its reply brief that would not result in a briefing schedule closer to argument than the Court had contemplated, and (3) to avoid conflict with undersigned counsel's previously-scheduled argument in a different court. But Spirit's counsel refused to jointly contact the clerk's office and instead filed this motion.

In any event, the State does not oppose moving the deadline for Appellee's brief to February 3 provided that the State's reply brief be due approximately February

24. *See* Motion at 2 (consenting to an appropriate extension of the due date for the reply brief). That is because undersigned counsel is scheduled to present argument in another case on February 12 in Texas's Fifteenth Court of Appeals. *See State v. Harris County*, No. 15-24-00120-CV (Tex. App.—Austin [15th]).

If, however, February 24 (or a date close to it) would result in a briefing schedule that ends too close to the March 31 argument for the Court's preference, then the State must oppose this motion. In that vein, the State notes that Spirit's motion depends on the premise that it has only one attorney in its law firm capable of writing Spirit's brief. But Spirit's law firm employs *1,100 lawyers.*[1]

Accordingly, if the Court's schedule permits the close of briefing to occur on or about February 24, then the State agrees to Appellee's request. But if that is not possible, and the Court had expected briefing to be complete earlier, then Spirit's law firm has vast resources.

---

[1] https://www.wilmerhale.com/en/contact-us#:~:text=We%20are%20more%20than%201%2C100,the%20United%20States%20and%20Europe.

## Conclusion

If the Court's schedule permits it, the State does not oppose a briefing schedule ordering that Appellee's brief is due February 3 and the reply brief is due February 24. If that is not possible, the Court should deny the motion.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Ryan S. Baasch
Associate Deputy Attorney General

/s/ Benjamin Wallace Mendelson
Benjamin Wallace Mendelson
Assistant Solicitor General
Ben.Mendelson@oag.texas.gov

Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

On January 13, 2025, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Benjamin W. Mendelson
BENJAMIN W. MENDELSON

## CERTIFICATE OF COMPLIANCE

This response complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 766 words, excluding the parts of the response exempted by rule; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Benjamin W. Mendelson
BENJAMIN W. MENDELSON

| | |
|---|---|
| **From:** | Martens, Matthew T. <Matthew.Martens@wilmerhale.com> |
| **Sent:** | Saturday, January 11, 2025 9:31 AM |
| **To:** | Ryan Baasch; Ben Mendelson |
| **Cc:** | Matt Kennedy |
| **Subject:** | RE: 24-50984 Spirit Aerosystems v. Paxton   ORAL ARGUMENT |

Ryan,

You made clear that you do not consent to my request to extend the deadline for my opposition brief to February 3. As you said, it is "unworkable." I disagree with one reason for your unwillingness to consent, namely your (incorrect) assertion that my opposition brief is due on January 17. It is not. The Fifth Circuit's Internal Operating Procedures make clear that, "[i]f an appeal is expedited, the clerk will fix a briefing schedule unless a judge directs a specific date." 5th Cir. IOP 27.5. The judges, in expediting the appeal, did not direct a specific date. (At the same time, we both received notice from the Clerk that the Court had rejected the February 5 date you requested for oral argument.) Thus, the Clerk issued a notice that same day setting the scheduled due date for my opposition brief as January 27. You received that notice the same day I did and raised no objection. Two weeks later, it is now far too late to change your position.

--Matt

**From:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Sent:** Friday, January 10, 2025 6:11 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** Re: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

**EXTERNAL SENDER**

Matt, I think we have a misunderstanding here.  We want to give you our position on your motion but can't reasonably do so without understanding the current lay of the land.  We do not believe your position on the **current** deadlines is plausible (among other things, it assumes the court gave you the standard amount of time to file an appellee brief after we filed ours in a highly expedited manner, and after it granted a motion to expedite).  But we recognize you have a good faith disagreement.  We need to clear up that issue before we can take a position.

Get Outlook for iOS

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Friday, January 10, 2025 5:03:18 PM
**To:** Ben Mendelson <Ben.Mendelson@oag.texas.gov>; Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

Ben,

I contacted your Office seeking consent to a motion for an additional 7-days in which to file our brief because of a wildfire impacting the home of my associate. I will note your Office's opposition when I file my motion for an extension of time.

--Matt

**From:** Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Sent:** Friday, January 10, 2025 4:55 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

**EXTERNAL SENDER**

Matt,

Are you opposed to us asking the clerk's office for clarification together? It seems like if we are unclear on due dates, that may be an easy way to resolve this.

Ben

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Friday, January 10, 2025 3:38 PM
**To:** Ben Mendelson <Ben.Mendelson@oag.texas.gov>; Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

As I said, we already relied on the notice. There's no ambiguity. And we aren't in a position to file next Friday.

**From:** Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Sent:** Friday, January 10, 2025 4:35 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

**EXTERNAL SENDER**

Matt,

How about we email the clerk, copying you, and just ask when your brief and the reply brief are due in light of our granted motion? Then we can go from there.

Ben

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Friday, January 10, 2025 3:12 PM

**To:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>; Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

Ryan,

The motion specified dates that the Court rejected. It did not grant the February 5 oral argument date in the motion, so there was no reason for the Court to force Spirit's briefing by January 17. And the Court didn't. All the parties received the notice two weeks ago, no one objected, and we acted in reliance.

The question at this point is whether we can work out an accommodation off the Jany 27th because of the LA fires. I would rather not go to the Court with a motion saying the AG won't accommodate that. We would, of course, being willing to accommodate Ben's other matter. There's plenty of time here with oral argument on March 31, so this seems resolvable. Do you have a proposal that would work for Ben?

--Matt

---

**From:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Sent:** Friday, January 10, 2025 4:03 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>; Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

**EXTERNAL SENDER**

Matt, we believe that's a clerk's mistake erroneously reflecting the ordinary FRAP 30 days for an appellee brief. The Court's order granting our motion to expedite governs, and that motion specified specific briefing dates. We have already planned around those dates, including for my colleague Ben (CC'ed here) to work on the reply. While we are certainly sorry to hear about Leah's situation, and would like to figure out an accommodation, it is unworkable for us for your brief to be due on Feb 3, because Ben has an argument on Feb 12 that would preclude his ability to write the reply under those circumstances.



Ryan S. Baasch
Associate Deputy Attorney General for Civil Litigation
Office of the Attorney General of Texas
P: (512) 936-1378
ryan.baasch@oag.texas.gov

---

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Friday, January 10, 2025 2:56 PM
**To:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>; Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

Ryan,

After your motion to expedite was granted, the Court specifically said that our brief is due on January 27 (see attached). The Court expedited the appeal, but not along the lines you suggested (i.e., Mar 31 v. Feb 5 oral

argument). I'm requesting 7 additional days to make up for this lost week. So our brief would be due Feb 3 instead.

--Matt

---

**From:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Sent:** Friday, January 10, 2025 3:51 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>; Ben Mendelson <Ben.Mendelson@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

**EXTERNAL SENDER**

Matt—can you clarify the dates you're proposing here? By my read, the current deadline for your brief is Jan 17, not Jan 27.

 Ryan S. Baasch
Associate Deputy Attorney General for Civil Litigation
Office of the Attorney General of Texas
P: (512) 936-1378
ryan.baasch@oag.texas.gov

---

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Friday, January 10, 2025 1:41 PM
**To:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

Ryan,

My sole associate on this matter (Leah) is in our LA office and has been significantly impacted in her ability to work all week due to the fire situation. Would you all be willing to consent to a short extension of our brief deadline (currently Jan 27) to accommodate this? With the March 31 oral argument date, it seems we have more than enough time for briefing.

--Matt

---

**From:** Martens, Matthew T.
**Sent:** Monday, January 6, 2025 10:12 AM
**To:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Cc:** Matt Kennedy <Matt.Kennedy@oag.texas.gov>
**Subject:** RE: 24-50984 Spirit Aerosystems v. Paxton ORAL ARGUMENT

Yes.

---

**From:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Sent:** Monday, January 6, 2025 10:11 AM